# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-638
Lower Tribunal No. 17-17959
_____

**Oakley Transportation Group, Inc.,**
Petitioner,

vs.

**Dwight Shinault,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Alvarez, Winthrop, Thompson & Smoak, P.A., and P. Raúl Alvarez, William G.K. Smoak and Carla M. Sabbagh (Tampa), for petitioner.

Kreusler-Walsh, Vargas & Serafin, P.A., and Jane Kreusler-Walsh, Rebecca Mercier Vargas and Stephanie L. Serafin (West Palm Beach); Searcy Denney Scarola Barnhart & Shipley, P.A., and Clell C. Warriner, IV (West Palm Beach); David W. Singer & Associates, P.A., and David W. Singer and Peter G. Walsh (Hollywood), for respondent.


Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

SCALES, J.

In this personal injury case, petitioner Oakley Transportation Group, Inc. ("Oakley"), co-defendant below,[1] seeks certiorari review of a March 15, 2022 discovery order that overruled Oakley's objections to the August 27, 2021 request for production propounded on Oakley by the plaintiff below, respondent Dwight Shinault. Because Oakley has not established the requisite irreparable harm for us to exercise certiorari jurisdiction to review the challenged order, we dismiss Oakley's petition.

## I.    Relevant Facts and Procedural History

Shinault's first amended complaint alleges that, on March 6, 2017, Shinault sustained permanent injuries when he fell from a ladder following an explosion allegedly caused by an Oakley employee who, at the time of the incident, was pumping vinegar from Oakley's tanker truck. Shinault's August 27, 2021 production request sought, in relevant part, documents in Oakley's possession related to Oakley's training procedures for unloading cargo (requests eleven and twelve), operating the truck's pumping mechanism (request twenty-five), and addressing leaks (request twenty-six).

---

[1] Co-defendant Oakley Transport, Inc. is not a party to this petition.

Further, Shinault requested that Oakley produce its "ISO Folder" (request twenty-eight).[2]

On September 27, 2021, Oakley filed a response objecting to these production requests. As to each request, Oakley asserted that the request was impermissibly overbroad because Shinault had failed to indicate the specific time period for which the materials were sought. In addition, Oakley asserted that it did not have any documents in its possession that existed at the time of the March 6, 2017 incident.[3] At the two-day hearing on Oakley's objections, with respect to the production of the ISO Folder (request twenty-eight), Oakley further argued that all of the folder's documents were stamped "proprietary trade secret" and, therefore, Oakley should not be required to produce any portion of the ISO Folder without a confidentiality agreement.

On March 15, 2022, the trial court entered the challenged discovery order overruling Oakley's objections, requiring that Oakley produce the requested documents within thirty days of the order. As to request twenty-

---

[2] At the hearing conducted below, Shinault's counsel represented that, in 2015, Oakley had received an "ISO certification" from a third party based on Oakley's policies and procedures. The ISO Folder purportedly contains the results of quarterly audits performed by the third party to ensure Oakley's continued compliance with its policies and procedures, both the current and prior versions of Oakley's policies and procedures.

[3] Oakley's counsel represented below that when Oakley made periodic changes to its "master documents," Oakley did not save the prior versions.

eight, the order specified that "Plaintiff and Defendant need to sign a confidentiality agreement for all ISO folder material." Oakley timely sought certiorari review of the discovery order by filing the instant petition.

## II. Analysis

"A party seeking certiorari review of a discovery order must show irreparable harm that cannot be remedied on final appeal and a departure from the essential requirements of law." Miramar Marina Corp. v. Garcia, 316 So. 3d 746, 747 n.1 (Fla. 3d DCA 2021). For us to exercise certiorari jurisdiction and review the challenged order, Oakley must first meet the threshold requirement of showing that the challenged order creates irreparable harm. See Collection, LLC v. Jaguar Land Rover N. Am., LLC, 140 So. 3d 705, 706 (Fla. 3d DCA 2014).

Here, Oakley argues that each of the subject production requests are impermissibly overbroad because Shinault is seeking documents that were not in existence at the time of the March 6, 2017 incident. It is well settled, though, that overbreadth is not a sufficient basis for certiorari relief if the discovery request appears reasonably calculated to lead to the discovery of admissible evidence. Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 456-57 (Fla. 2012); Fla. R. Civ. P. 1.280(b)(1). To this end, we agree with the trial court's statements at the

4

hearing conducted below that, if utilized at depositions, Oakley's current training policies and procedures may shed light on Oakley's training policies and procedures as they existed at the time of the March 6, 2017 incident.

Because the subject discovery requests are reasonably calculated to lead to the discovery of admissible evidence, Oakley cannot establish the requisite irreparable harm for granting certiorari relief. Id. We, therefore, lack jurisdiction to review the challenged order and are compelled to dismiss the petition. Miramar Marina Corp. 316 So. 3d at 747; Collection, LLC, 140 So. 3d at 706.[4]

Petition dismissed.

---

[4] With regard to that portion of the challenged order requiring Oakley to produce the ISO Folder, Oakley argues that the order is ambiguous because the order requires the ISO Folder documents be produced within thirty days, but does not expressly condition production of the documents on the parties' execution of a mutually agreeable confidentiality agreement. This issue has been mooted, however, by Shinault's concession – in his response to Oakley's petition – that Oakley's obligation to produce the ISO Folder documents is conditioned upon the parties' signing a mutually agreeable confidentiality agreement. Whether Shinault's rejection of the agreement proposed by Oakley was reasonable is an issue not before us.